# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KYLIE MCKENZIE,

        Plaintiff,

v.                                            Case No:   6:22-cv-615-PGB-LHP

UNITED STATES TENNIS
ASSOCIATION INCORPORATED
and USTA PLAYER DEVELOPMENT
INCORPORATED,

        Defendants

_____

## ORDER

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS (Doc. No. 46)**
>
> **FILED:**     **February 22, 2023**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

I.      INTRODUCTION.

On March 28, 2022, Plaintiff Kylie McKenzie filed a complaint against Defendants United States Tennis Association Incorporated ("USTA") and USTA Player Development Incorporated ("USTAPD"), relating to a pattern of inappropriate conduct towards Plaintiff, up to and including sexual misconduct, by one of Defendants' employees, Coach Anibal Aranda.  Doc. No. 1.  The alleged misconduct was investigated by the United States Center for SafeSport ("the Center"), which found that Coach Aranda engaged in inappropriate conduct and had a history of inappropriate behavior.  *Id.* ¶¶ 29–30.  As a result, Defendants terminated Coach Aranda's employment.  *Id.* ¶ 31.

Defendants moved to dismiss the initial complaint, Doc. No. 22, Plaintiff filed an amended complaint in response, Doc. No. 24, and Defendants again responded with a motion to dismiss, Doc. No. 26.  The Court *sua sponte* dismissed the amended complaint without prejudice as a shotgun pleading, and permitted Plaintiff to file a second amended complaint.   Doc. No. 33.

On September 22, 2022, Plaintiff filed a second amended complaint, which is now her operative pleading.  Doc. No. 34.  The second amended complaint contains the following claims:   negligent supervision and retention (Count I); battery (Count II); intentional infliction of emotional distress (Count III); negligence (Count IV); respondeat superior (Count V); and punitive damages (Count VI).  *Id.*

Defendants have filed a motion to dismiss the second amended complaint, which remains pending before the presiding District Judge.   Doc. No. 36.

Now before the Court is Plaintiff's Motion to Compel the Production of Documents.   Doc. No. 46.   Plaintiff's motion is premised on Defendants' alleged "grossly overbroad privilege log."   *Id.* at 2.   Defendants oppose.   Doc. No. 49. The parties have also filed a joint status report regarding the motion as ordered by the Court.   Doc. No. 53.   *See also* Doc. No. 50.   As more fully explained below, the majority of the motion resolves on the applicability and interpretation of a federal statute—36 U.S.C. § 220541(f)(4)(C).   *See* Doc. Nos. 49, 59, 53.   Upon review, and for the reasons stated herein, the Court finds that Defendants lack standing to assert a work product objection under 36 U.S.C. § 220541(f)(4)(C), and thus, Plaintiff's motion will be granted in part and denied in part.

## II.   ANALYSIS.

In 2017, Congress enacted the Protecting Young Victims from Sexual Abuse and Safe Sports Authorization Act ("the Act"), 36 U.S.C. §§ 220501 *et seq.*, establishing the United States Center for SafeSport as "the independent national safe sport organization for the United States."   36 U.S.C. § 220541(a)(1)(A).   The Center "exercise[s] jurisdiction over . . . each national governing body [("NGB")] with regard to safeguarding amateur athletes against abuse, including emotional, physical, and sexual abuse, in sports."   *Id.* § 220541(a)(1)(B).   Defendant USTA is

- 3 -

the NGB for the sport of tennis.   Doc. No. 34 ¶ 6.   Defendant USTAPD is USTA's affiliate.   *Id.* ¶ 8.

Under the Act, the Center must "maintain an office for response and resolution that shall establish mechanisms that allow for the reporting, investigation, and resolution, pursuant to subsection (c), of alleged sexual abuse in violation of the Center's policies and procedures."   36 U.S.C. § 220541(a)(1)(D). The Center must "ensure that the mechanisms under subparagraph (D) provide fair notice and an opportunity to be heard and protect the privacy and safety of complainants."   *Id.* § 220541(a)(1)(E).   With regard to the Center's investigations, the Act provides:

> **(C) Work product.**—
>
> **(i) In general.**--Any decision, report, memorandum, work product, notes, or case file *of the Center*—
>
> **(I)** shall be confidential; and
>
> **(II)** shall not be subject to discovery, subpoena, or any other means of legal compulsion in any civil action in which the Center is not a party to the action.

*Id.* § 220541(f)(4)(C)(i) (emphasis supplied).

Here, the parties' dispute centers on Defendants' privilege objections to Plaintiff's discovery requests, which includes a subset of documents that Defendants contend qualify for protection under 36 U.S.C. § 220541(f)(4)(C)(i).   *See*

Doc. Nos. 46, 49, 53, 53-1.   The remainder of Defendants' objections concern attorney-client privilege and work product.   *See id.*

In the Court-ordered joint status report, the parties state that they have resolved several of the issues raised by Plaintiff's motion, in that they have reached agreement that a specified subset of documents are privileged.   Doc. No. 53, at 1–2.   However, the parties state that the documents still at issue fall into three categories:   (1) documents subject to Defendants' objection under 36 U.S.C. § 220541(f)(4)(C)(i); (2) documents created and/or gathered by Defendants in response to the investigation conducted by the Center, including communications with the Center regarding the investigation; and (3) documents in which communications between Defendants and the Center are intertwined with legal advice regarding the communications.   *Id.* at 2.   Attached to the joint status report is an amended privilege log highlighting the documents still at issue.   Doc. No. 53-1.   The parties represent that "resolution of the disagreement over the proper interpretation of [36 U.S.C. § 220541(f)(4)(C)(i)] will likely resolve the outstanding disagreements regarding the privilege log."   Doc. No. 53, at 2.

Defendants' position is that because 36 U.S.C. § 220541(f)(4)(C)(i) precludes disclosure of the Center's work product, they cannot produce the documents at issue because (1) the plain language of the statute prohibits disclosure of the Center's work product; (2) the communications between the Center and Defendants

during the investigative process constitute the Center's work product; and (3) mandating disclosure of the Center's communications during the confidential investigation will have a chilling effect on witnesses and should not be ordered for public policy reasons.   Doc. No. 53, at 4–7.   Defendants further argue that Plaintiff would suffer no prejudice by non-disclosure because the second amended complaint makes clear that Plaintiff received the Center's decision and report.   *Id.* at 7–8.

The Court finds Defendants' position unpersuasive for a reason argued by Plaintiff in both the initial motion and the status report, an argument which Defendants wholly fail to address.   Specifically, Defendants do not address or assert, nor cite any legal authority establishing, that they may raise the Center's work product objection on the Center's behalf.

The statute is clear: "[a]ny decision, report, memorandum, work product, notes, or case file *of the Center*" shall be confidential.   36 U.S.C. § 220541(f)(4)(C) (emphasis supplied).   *See generally CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001) ("[W]hen the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last:   judicial inquiry is complete." (quoting *Merritt v. Dillard Paper Co.,* 120 F.3d 1181, 1186 (11th Cir. 1997))).   Here, the request for production of documents was served on Defendants, not on the Center, seeking the documents within Defendants' current possession,

custody, and/or control.   Doc. No. 46-1.   Defendants' assertion that responsive production could include work product of the Center, an objection not raised by the Center itself, is unavailing, because Defendants have not demonstrated standing to make that objection.   *See, e.g.*, *Perkins v. Suzuki Motor Corp.*, No. 1:18-cv-00893-WYD-GPG, 2019 WL 13104644, at *5 (D. Colo. Apr. 28, 2019) (finding party lacked standing to object to request for production on the basis of attorney-client and work product privileges of a third party); *Covenant Aviation Sec., LLC v. Cummins*, No. 6:14-cv-1664-Orl-28KRS, 2015 WL 12838181, at *2 (M.D. Fla. June 23, 2015) ("[I]t is not clear how AHA has standing to assert a privilege on behalf of a federal agency."); *Adelman v. Boy Scouts of America*, 276 F.R.D. 681, 694 (S.D. Fla. 2011) (finding that party lacks standing to object to discovery based on the privacy rights of non-parties); *Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 234 (N.D. Ind. 1992) (collecting cases for the proposition that the defendant lacked standing to assert objections to interrogatories based on allegedly proprietary or confidential business information of third parties, and noting that the third parties could have sought to protect their own interests by intervention in the case).   *See also Garcia-Cabrera v. Cohen*, 81 F. Supp. 2d 1272, 1286 (M.D. Ala.), *aff'd*, 237 F.3d 636 (11th Cir.

2000) ("[T]he general rule is that a person does not have standing to seek redress for another's wrong.").[1]

Accordingly, to the extent that Defendants object to production of documents as work product of the Center under 36 U.S.C. § 220541(f)(4)(C)(i), the objection is **OVERRULED**.[2]

As to Defendants' remaining arguments, the Court is mindful of the concerns raised regarding the confidential nature of the Center's investigatory process, and the harm that could be caused by public disclosure of such materials.    *See, e.g.*, *Nothstein v. USA Cycling*, 337 F.R.D. 375, 393–94 (E.D. Pa. 2020) (discussing same). But the parties do not address whether a confidentiality agreement exists in this

---

[1] Notably, even if Plaintiff had served a third-party subpoena on the Center seeking the same information, Defendants would lack standing to raise the Center's work product objection there, too.   *See CJS Investors, LLC v. Berke*, No. 6:18-cv-374-Orl-31DCI, 2018 WL 7185189, at *2–3 (M.D. Fla. Dec. 21, 2018) (noting that plaintiff had no standing to challenge a subpoena to a non-party absent a "personal right or privilege," and had no standing to raise objections on behalf of a third-party to the subpoena); *Renfro v. Weis-Buy Servs., Inc.*, No. 2:04-cv-29-FtM-29SPC, 2005 WL 8159582, at *1 (M.D. Fla. Feb. 10, 2005) ("[A] party may not move to protect the interest of another but it may move to protect its own interest.").   *See also Amobi v. D.C. Dep't of Corr.*, 257 F.R.D. 8, 10 (D.D.C. 2009) (Department of Corrections had no standing to assert work product/attorney client privilege objections on behalf of Office of United States Attorney).

[2] Given the determination that Defendants lack standing to assert a work product/privilege objection on the Center's behalf, the Court does not reach the issue raised by Plaintiff as to whether 36 U.S.C. § 220541 creates an evidentiary privilege.   *See* Doc. No. 53, at 8–10.   *See also Nothstein v. USA Cycling*, 337 F.R.D. 375, 391 (E.D. Pa. 2020). Nor does the Court address the disagreement as to whether the information actually constitutes the Center's work product.   *See* Doc. No. 53, at 5–6, 12.

case or why potential redaction of personal identifiers from the documents at issue could not allay these concerns. Accordingly, as set forth below, the Court will order additional conferral on this issue, the entry of a confidentiality agreement or protective order, and production of the documents withheld under 36 U.S.C. § 220541(f)(4)(C)(i) pursuant to same. And given that the parties declined to address the remainder of the issues raised by Plaintiff's motion in their joint status report, *see* Doc. No. 53, at 2–3 & nn. 1–2, the Court finds Plaintiff's motion in that regard abandoned.[3] So, Defendants will be required to serve an amended privilege log as to any remaining documents withheld on the basis of attorney-client privilege or work product, outside of the reliance on 36 U.S.C. § 220541(f)(4)(C)(i).[4]

## III.   CONCLUSION.

For the reasons set forth herein, it is **ORDERED** as follows:

---

[3] The parties' conclusory statement that "[g]iven the importance of the issues raised, the Parties seek additional briefing to further explain their respective positions," *see* Doc. No. 53, at 13, without more, does not warrant additional briefing for several reasons, including that the statement is conclusory, the Court already allowed the filing of the joint status report, and the parties did not even utilize all of the pages allotted for that filing. *See* Doc. No. 50.

[4] Again, the parties do not address in the joint status report the "third" category of documents they claim to still be at issue, which includes documents in which communications between Defendants and the Center are intertwined with legal advice regarding the communications. *See* Doc. No. 53, at 2. Thus, to the extent that Defendants maintain a privilege objection to these documents, Defendants must include these documents on the amended privilege log.

1.      Plaintiff's Motion to Compel the Production of Documents (Doc. No. 46) is **GRANTED in part** as set forth in this Order.

2.      Defendants' privilege/work product objections pursuant to 36 U.S.C. § 220541(f)(4)(C)(i) are **OVERRULED** for lack of standing.

3.      Within **fourteen (14) days** of the date of this Order, the parties shall meet and confer to negotiate the terms of a confidentiality agreement governing the production of discovery in this case.   **On or before expiration of this period**, the parties shall file the stipulated confidentiality agreement with the Court.   Should the parties be unable to reach a stipulated confidentiality agreement, the Court will *sua sponte* issue a protective order governing the exchange of materials during discovery in this case.

4.      Within **fourteen (14) days** of the filing of the stipulated confidentiality agreement or the entry of a protective order by the Court, pursuant to the terms thereof and whichever occurs first, Defendants shall produce to Plaintiff all materials withheld based on a privilege/work product objection under 36 U.S.C. § 220541(f)(4)(C)(i).   **By the same deadline**, Defendants shall also produce to Plaintiff an amended privilege log identifying all remaining documents withheld.

5.      Plaintiff's Motion to Compel the Production of Documents (Doc. No. 46) is **DENIED in all other respects**.

A final note – conferrals need to be over the phone or in person, not via email.

**DONE** and **ORDERED** in Orlando, Florida on April 7, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties