**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KYLIE MCKENZIE,

        Plaintiff,

v.                                                        Case No:   6:22-cv-615-PGB-LHP

UNITED STATES TENNIS
ASSOCIATION INCORPORATED
and USTA PLAYER DEVELOPMENT
INCORPORATED,

        Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** SECOND AMENDED JOINT MOTION FOR LEAVE TO FILE EXHIBITS TO MOTIONS FOR SUMMARY JUDGMENT UNDER SEAL (Doc. No. 101)
>
> **FILED:** October 10, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On October 2, 2023, the parties filed a Stipulation of Agreed Material Facts for summary judgment purposes, with several exhibits. Doc. No. 95. For three of

those exhibits, the parties filed placeholders pursuant to Local Rule 1.11. Doc. Nos. 95-16, 95-17, 95-18. The parties thereafter each filed motions for summary judgment. Doc. Nos. 96, 98. With Plaintiff's motion, two additional placeholder exhibits were filed. Doc. Nos. 98-9, 98-10. According to the above-styled motion, the exhibits for which placeholders were filed include the deposition transcript of Jane Doe, documents describing Jane Doe's employment with Defendant(s),[1] and documents from the United States Center for SafeSport identifying Jane Doe both by name and detail. Doc. No. 101. The parties jointly move to file these documents under seal in support of summary judgment because they will expose Jane Doe's identity. *Id.* Jane Doe is a victim of sexual assault, a non-party but witness in this case, who was victimized by the same person who also victimized Plaintiff. *Id.* at 1–2.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11 and the Eleventh Circuit's standard concerning the public's common law interest to inspect and copy judicial records. *See, e.g.*, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001); *U.S. v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). Relevant here, "material

---

[1] The motion merely says, "employment at the USTA," and it is unclear to which Defendant entity this acronym refers. *See* Doc. No. 101, at 3.

filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right[.]" *Chicago Tribune*, 263 F.3d at 1312. "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotation marks, citation, and alterations omitted).[2]

Here, because the exhibits the parties wish to file under seal are associated with summary judgment briefing—pretrial motions requiring judicial resolution on

---

[2] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

the merits—the common law right of access applies. However, the parties state that "[c]ourts frequently recognize the privacy interest in protecting the identity of a sexual assault victim as an important and recognized basis to limit public access to judicial documents." Doc. No. 101, at 5 (collecting cases). They contend that good cause justifies sealing the documents at issue to safeguard Jane Doe's identity at this point in the litigation, as a victim of sexual misconduct. *Id.* They argue that Jane Doe's privacy interest outweighs the public's minimal interest in disclosure because these exhibits represent only a fraction of the documents submitted in support of summary judgment, and the exhibits are quoted as necessary in the summary judgment filings, which have not been filed under seal, thus the public will have access to pertinent parts of these materials. *Id.* at 5–6. The parties contend that partial sealing or redaction is not a practical alternative because "the documents are riddled with statements that link Jane Doe to a named USTA employee," reference Jane Doe's true identity, and substantively would identify her true identity even with redaction of her given name. *Id.* at 8.

Upon consideration of Local Rule 1.11 and the Eleventh Circuit's standards for filing materials under seal, as well as the parties' representations and the authority cited in the motion (Doc. No. 101), the Court finds good cause to seal the exhibits at issue at this stage of the litigation. *See, e.g.*, *Warren v. S&S Prop. Mgmt., Inc.*, No. 1:17-CV-4187-SDG-JSA, 2020 WL 5223750, at *7 (N.D. Ga. June 3, 2020)

(permitting summary judgment briefing and exhibits containing sensitive information related to sexual assault to be filed under seal).[3]

Accordingly, it is **ORDERED** as follows:

1. The Second Amended Joint Motion for Leave to File Exhibits to Motions for Summary Judgment Under Seal (Doc. No. 101) is **GRANTED**.

2. On or before **October 18, 2023**, **counsel for Plaintiff** shall file under seal the exhibits at issue (Doc. Nos. 95-16, 95-17, 95-18, 98-9, 98-10).

3. After review of the documents, the Court may require that some or all of the information filed under seal be filed in the public record, if it

---

[3] The Court takes issue with one portion of the parties' motion – their assertion that Local Rule 1.11(d) applies but is "irrelevant to this Motion." Doc. No. 101, at 2; 9-10. The parties appear to make this bold statement based on their assumption that the Court believes the only privacy interest at play is that of the United States Center for SafeSport. *Id.* at 9–10. But the Court has never made any such pronouncement. *See* Doc. No. 99. And if the Center for SafeSport was the only party that had a privacy interest (statutory or otherwise) at issue, the fact that the Center for SafeSport was notified of the present motion but failed to make any request to seal the identified documents would only support a ruling that the documents be filed on the public record. *See* Local Rule 1.11(d). Moreover, if the privacy concerns at issue are those of Jane Doe, as the parties now argue, *see* Doc. No. 101, at 9-10, then Jane Doe should have filed a motion to seal, as required by Local Rule 1.11(d), but no such motion has been filed. However, it is unclear from the motion whether Jane Doe remains an employee of Defendants, and it is possible that Defendants are authorized to seek the relief in this motion on Jane Doe's behalf (a legal issue that the parties chose not to address). And given the sensitive nature of the documents, as well as the harm that could be caused by publicly identifying a victim of sexual assault (at least at this point in the litigation), to the extent that Local Rule 1.11(d) applies and is relevant to the present motion, the Court will suspend application of Local Rule 1.11(d) in this once instance – and based on the unique facts stated in this motion – in order to achieve the purpose of the sealing rules as a whole. *See* Local Rule 1.01(b).

determines that the documents are not properly subject to sealing. Otherwise, this seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted.   See Local Rule 1.11(f).

**DONE** and **ORDERED** in Orlando, Florida on October 11, 2023.

*[Signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties