# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KYLIE MCKENZIE,

    Plaintiff,

v.                                        Case No:   6:22-cv-615-PGB-LHP

UNITED STATES TENNIS
ASSOCIATION INCORPORATED
and USTA PLAYER DEVELOPMENT
INCORPORATED,

    Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   PLAINTIFF'S MOTION TO REDACT AND FILE UNDER SEAL RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 107)
>
> **FILED:**     October 23, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED without prejudice in part**.

Plaintiff, without opposition from Defendants, seeks to file under seal an unredacted version of her response to Defendants' motion for summary judgment, which is due today. Doc. No. 107. *See also* Doc. No. 64, at 8; Local Rule 3.01(c). Plaintiff also seeks to file under seal four (4) exhibits to that response. Doc. No. 107. In support, Plaintiff says that the response and exhibits contain information that would reveal the identity of non-party Jane Doe, the victim of sexual misconduct, and the Court has already found good cause to seal similar materials in this case. *Id. See also* Doc. No. 102.

Upon review, Plaintiff has once again failed to fully comply with Local Rule 1.11 in requesting to file materials under seal. *See also* Doc. Nos. 93, 99. Specifically, with respect to the exhibits, Plaintiff fails to "describe the item[s] proposed for sealing." Local Rule 1.11(c)(2). Indeed, besides referencing "these exhibits," "these documents," and/or "Exhibits 1 through 4," Plaintiff never identifies what the documents are. *See* Doc. No. 107. Nor is it clear to the Court whether the procedures set forth in Local Rule 1.11(d) would apply. In short, Plaintiff provides insufficient information for the Court to conduct the proper Local Rule 1.11 analysis as to the four exhibits at issue.

Nonetheless, given the representation that Plaintiff's response will reference exhibits already permitted to be filed under seal, *see* Doc. No. 102, 104, and in light of summary judgment responses being due today, the motion will be granted in

part, to the extent that Plaintiff will be permitted to file an unredacted version of her response to Defendants' motion for summary judgment under seal.[1]

Accordingly, it is **ORDERED** that Plaintiff's Motion to Redact and File Under Seal Response to Defendant's Motion for Summary Judgment (Doc. No. 107) is **GRANTED in part and DENIED without prejudice in part**. Plaintiff shall file under seal an unredacted version of her response to Defendant's motion for summary judgment by the end of the day **today, October 23, 2023**. *See* Doc. No. 64, at 8; Local Rule 3.01(c).

It is further **ORDERED** that Plaintiff shall file a renewed motion to seal as it relates to "Exhibits 1 through 4" on or before **5:00 p.m. on October 25, 2023**, in full compliance with Local Rule 1.11.[2] Failure to comply with this deadline will result in an Order that the documents be filed on the public docket, as well as an unredacted version of Plaintiff's response.

**This Order, and the filing of any sealed documents pursuant to it, will not provide good cause to any party to support a request for an extension of time**

---

[1] Plaintiff has since filed a redacted version of her response on the public docket. *See* Doc. No. 108.

[2] Alternatively, if appropriate, Defendant may file a motion to seal by the same deadline pursuant to Local Rule 1.11(d).

**related to the pending motions for summary judgment, including the deadline for filing reply briefs.**

    **DONE** and **ORDERED** in Orlando, Florida on October 23, 2023.

                                                       LESLIE HOFFMAN PRICE
                                        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties