**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KYLIE MCKENZIE,

       Plaintiff,

v.                                                                  Case No:   6:22-cv-615-PGB-LHP

UNITED STATES TENNIS
ASSOCIATION INCORPORATED
and USTA PLAYER DEVELOPMENT
INCORPORATED,

       Defendants

---

**ORDER**
(And Direction to Clerk of Court)

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  *UNOPPOSED* **MOTION TO SEAL PLAINTIFF'S EXHIBITS TO RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO SUBSTITUTE REDACTED VERSION OF FILED EXHIBIT (Doc. No. 115)**
>
> **FILED:**  October 25, 2023
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Before the Court is Defendants' unopposed motion to seal four (4) exhibits Plaintiff wishes to file to support her response to Defendants' motion for summary judgment.  Doc. No. 115.  *See also* Doc. Nos. 108-1 through 108-4.  The basis for this request is that information contained within the exhibits would reveal the identity of non-party witness Jane Doe, the victim of sexual misconduct and an employee of Defendants.  Doc. No. 115.  Defendants also ask the Court to remove a previously filed exhibit from the docket related to their summary judgment motion, Doc. No. 97-4, for the same reason, and to permit the filing of a redacted version of same in its place.  Doc. No. 115, at 9.

Upon review, for the same reasons previously set forth by the Court regarding the sealing of similar materials, *see* Doc. No. 102, and having considered Local Rule 1.11 and the Eleventh Circuit's standard for sealing, the Court will permit these exhibits to be filed under seal at this time.[1]  However, after review of

---

[1] The Court notes that in the present motion, Defendants include a conclusory statement that the documents at issue are publicly available.  Doc. No. 115, at 6 n.8.  And the undersigned notes that generally speaking, "a party should not seek to seal information that is already public."  *See OJ Com., LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1241 (11th Cir. 2022) (citing *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1236 (11th Cir. 2013)).  However, in this case, the reason for sealing the documents is to protect Jane Doe's identity from being associated with allegations of sexual assault, in which Jane Doe has a privacy interest.  *See, e.g.*, *Doe v. Gooding*, No. 20-CV-06569 (PAC), 2021 WL 5991819, at *4 (S.D.N.Y. July 29, 2021) ("Courts frequently recognize the privacy interest in protecting the identity of a sexual assault victim as an important and recognized basis to limit public access to judicial documents.  Courts assign especially heavy weight to innocent third parties' privacy interests." (citation and quotation marks omitted)).  Accordingly, under these

the documents, the Court may require that the information filed under seal be filed in the public record, if it determines that the documents are not properly subject to sealing.

Accordingly, it is **ORDERED** as follows:

1. Defendants' *Unopposed* Motion to Seal Plaintiff's Exhibits to Response to Defendants' Motion for Summary Judgment and to Substitute Redacted Version of Filed Exhibit (Doc. No. 115) is **GRANTED**.

2. On or before **November 2, 2023**, **Plaintiff** shall file under seal the four (4) exhibits related to her response to Defendants' motion for summary judgment. *See* Doc. Nos. 108-1 through 108-4. This seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted. *See* Local Rule 1.11(f).

---

circumstances, the Court finds good cause to permit the documents to be filed under seal. *See also McCord v. Reardon*, No. 20-CV-2005 (EK), 2020 WL 5342637, at *2 (E.D.N.Y. Sept. 4, 2020) ("The importance of safeguarding a sexual assault victim's identity is a 'compelling reason' to limit the general public's access to documents filed in a case."); *Warren v. S&S Prop. Mgmt., Inc.*, No. 1:17-CV-4187-SDG-JSA, 2020 WL 5223750, at *7 (N.D. Ga. June 3, 2020) (permitting summary judgment briefing and exhibits containing sensitive information related to sexual assault to be filed under seal).

However, in so ruling, the Court finds unpersuasive Defendants' argument that Local 1.11(d) does not apply, particularly given that the privacy right belongs to a third-party, Jane Doe, and it appears that the documents at issue are Defendants'.

3. The Clerk of Court is **DIRECTED** to **REMOVE** Doc. No. 97-4 from the docket.

4. On or before **November 2, 2023**, Defendants shall file a redacted version of Doc. No. 97-4 on the docket.

5. This Order does not extend any deadlines related to summary judgment briefing.

**DONE** and **ORDERED** in Orlando, Florida on October 30, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

Case 6:22-cv-00615-PGB-LHP   Document 116   Filed 10/30/23   Page 4 of 4 PageID 4249

3. The Clerk of Court is **DIRECTED** to **REMOVE** Doc. No. 97-4 from the docket.

4. On or before **November 2, 2023**, Defendants shall file a redacted version of Doc. No. 97-4 on the docket.

5. This Order does not extend any deadlines related to summary judgment briefing.

**DONE** and **ORDERED** in Orlando, Florida on October 30, 2023.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties